## J. W. ADAMS *v.* COMMONWEALTH.

**Intoxicating Liquors—Tavern License—Discretion of Court.**

The county court has a large discretion in the granting of a license for the keeping of a tavern, and such discretion will not be interfered with by the Court of Appeals, in the absence of a showing of abuse of discretion.

APPEAL FROM MADISON CIRCUIT COURT.

June 3, 1873.

Opinion by Judge Pryor:

The motion to dismiss the appeal for want of jurisdiction is overruled. An appeal in such cases must be taken from the judgment of the county court to this court.

The provisions of the Revised Statutes on the subject has been repealed by a provision of the Code of Practice subsequently enacted. *Boehler v. Commonwealth,* 1 Duvall 3. The evidence in the case, however, does not show an abuse of discretion by the court below in refusing the license.

The county judge is presumed to have personal knowledge of the necessities of those traveling on the highway for entertainment where this tavern is proposed to be kept as well as the evil results that might follow in its immediate vicinity in the event the license should be granted, and when there is any evidence tending to show that the object in getting the license is more for the purpose of selling liquor than providing food and lodging for the traveler, this court, recognizing the enlarged discretion vested in the county judges of the state with reference to such questions, will not interfere with such a judgment as rendered in this case.

Judgment *affirmed.*

*Scott & Little, for appellant.*

*Jno. Rodman, for appellee.*